UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LESTER MASON,

      Petitioner,                              Case Number 2:14-cv-10735
                                                     Hon. Matthew F. Leitman

DUNCAN MacLAREN,

      Respondent.

_____/

**OPINION AND ORDER (1) GRANTING RESPONDENT'S MOTION FOR
SUMMARY JUDGMENT (ECF #10), (2) DISMISSING THE PETITION
FOR WRIT OF HABEAS CORPUS (ECF #1), AND (3) GRANTING A
CERTIFICATE OF APPEALABILITY AND PERMISSION TO PROCEED
IN FORMA PAUPERIS ON APPEAL**

Lester Mason, ("Petitioner"), an inmate in the custody of the Michigan

Department of Corrections, has filed a petition for a writ of habeas corpus pursuant

to 28 U.S.C. § 2254. (*See* the "petition,") ECF #1.) The petition challenges

Petitioner's 1992 convictions in the Wayne County Circuit Court on two counts of

second-degree murder, MICH. COMP. LAWS § 750.317, and one count of

commission of a felony with a firearm, MICH. COMP. LAWS § 750.227b. Petitioner

received sentences of 35-to-55 years for the murder offenses and a five-year

sentence for the firearm offense. The sentences on the murder convictions were to

be served concurrent to one another and consecutive to the sentence on the firearm

1

offense.  And, both sentences – for the murder and firearm convictions – were to be served consecutive to Petitioner's sentence for a prior conviction in a separate criminal case.

Respondent Duncan MacLaren ("Respondent") has now moved for summary judgment.   Respondent asks the Court to dismiss the petition as barred by the one-year statute of limitations in 28 U.S.C. § 2244(d).  Petitioner has filed a response. For the reasons set forth below, the Court agrees with Respondent and dismisses the petition as untimely. The Court will, however, grant a certificate of appealability and permission to appeal in forma pauperis.

## I.      Procedural History

Following his 1992 conviction and sentence as detailed above, Petitioner filed an appeal of right with the Michigan Court of Appeals, raising claims not pertinent to his current habeas petition. On June 15, 1994, the Michigan Court of Appeals issued an unpublished memorandum opinion affirming Petitioner's convictions. *See People v. Mason*, No. 153978 (Mich. Ct. App. 1994). Petitioner then filed an application for leave to appeal in the Michigan Supreme Court. On January 31, 1995, the Michigan Supreme Court denied Petitioner's application. *People v. Mason*, 528 N.W.2d 738 (Mich. 1995) (table).

2

On August 27, 1998, Petitioner filed a motion for relief from judgment in the state trial court that also raised claims not relevant to his habeas petition. The trial court denied this motion on December 7, 1998. Petitioner claims that he did not receive the order denying his motion until August 3, 2007.

On December 21, 2007, Petitioner filed a motion for reconsideration in the state trial court.  The trial court denied the motion on March 19, 2008, on the ground that it was untimely.  That court explained that even if Petitioner did not receive its decision denying his motion until August 3, 2007, he still had only fourteen days from that date to file a motion for reconsideration, and he waited until December – long after his fourteen days had expired – to file his motion for reconsideration.

On April 7, 2008, Petitioner filed a complaint for a writ of superintending control in the Michigan Court of Appeals seeking to have the state trial court address his motion for reconsideration. On November 6, 2008, the Michigan Court of Appeals denied Petitioner's complaint. *See People v. Mason*, No. 284760 (Mich. Ct. App. 2008). Petitioner then filed an application for leave to appeal in the Michigan Supreme Court. On February 26, 2009, the Michigan Supreme Court administratively denied Petitioner's application for failure to pay the partial filing fee as required. *See People v. Mason*, 760 N.W.2d 502 (Mich. 2009) (table).

Petitioner filed a second motion for relief from judgment in the state trial court on March 7, 2012.  In this second motion, Petitioner argued that his sentence was invalid because (1) the judgment of sentence erroneously indicated that his sentences for his 1992 convictions would run consecutively to sentences imposed upon a *different* man by the same name, instead of consecutive to *his* sentence for his prior conviction, and (2) the sentencing court erroneously applied the sentencing guidelines. The trial court agreed with the Petitioner that the judgment of sentence incorrectly identified the sentences to which his sentences for his 1992 convictions would run consecutively, but the trial court denied the motion in all other respects.  Pursuant to Michigan Court Rule 6.435, a rule allowing for the correction of clerical errors, the trial court entered an amended judgment of sentence that correctly identified the sentences to which Petitioner's sentences on his 1992 convictions would run consecutively (the "Amended Judgment").  In its Opinion and Order explaining the entry of the amended judgment, the trial court emphasized that Petitioner's sentence "shall stay the same" except for the correction of the clerical error.   (ECF #12 at Pg. ID 1262.)   The Amended Judgment correctly identified the sentence to which Petitioner's sentences for his 1992 convictions would run consecutively.[1]

---

[1] It appears that the Michigan Department of Corrections had already recognized

Petitioner then filed a motion for reconsideration, and the trial court denied that motion on March 1, 2013. On July 9, 2013, Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals. On July 19, 2013, the Michigan Court of Appeals dismissed Petitioner's application pursuant to Michigan Court Rule 6.502(G), preventing appeals from successive motions for relief from judgment. Petitioner applied for leave to appeal to the Michigan Supreme Court, but on November 25, 2013, the Michigan Supreme Court denied Petitioner's application. *See People v. Mason*, 839 N.W.2d 454 (Mich. 2013) (table).

Petitioner signed and dated his present habeas petition on February 10, 2014. In the petition, Petitioner argues that the state trial court violated his due process rights when it entered the Amended Judgment.  Specifically, Petitioner contends that the trial court failed to correct the presentence investigation report that had been initially prepared in connection with his 1992 sentence.  Petitioner says that that report erroneously indicated that he had three prior armed robbery convictions when, in fact, he had only one such prior conviction.  Petitioner therefore contends that his sentences – as restated in the Amended Judgment – are based upon

---

the clerical error in the judgment and had already concluded that Petitioner's sentences should run consecutively to the sentence identified in the amended judgment. (*See* ECF 11-12 at 10, n. 23.)

5

inaccurate information and violate the rule in *Townsend v. Burke*, 334 U.S.736, 741 (1948).

## II.     Discussion

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a one-year statute of limitations applies to an application for writ of habeas corpus by a person in custody pursuant to a judgment of a state court. The one-year limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Absent tolling, a petition for writ of habeas corpus must be dismissed where it has not been filed before the limitations period expires. *See* 28 U.S.C. § 2244(d)(1); *see also Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004).

There is no dispute in this matter as to whether the statute of limitations for an attack on the original judgment of sentence (entered in connection with Petitioner's 1992 convictions) expired before Petitioner filed the instant petition. It plainly did. That judgment was entered in 1992, and the Michigan Supreme Court denied direct review in 1995. Since the time for seeking further direct review in the United States Supreme Court expired prior to the effective date of the AEDPA, Petitioner had until April 23, 1997 – one year following the date that AEDPA became effective – to file his habeas petition attacking the original judgment. *See Stokes v. Williams*, 475 F.3d 732, 733-34 (6th Cir. 2007). Petitioner failed to do so, and thus the statute of limitations for a habeas attack on the original judgment expired on April 23, 1997. Petitioner does not dispute this point.

Instead, Petitioner argues that his current petition "has absolutely nothing to do with any proceeding that occurred before" the state trial court issued the Amended Judgment. (ECF #12 at Pg. ID 1254.) Petitioner insists that his petition is attacking the "entirely new judgment that occurred on February 11, 2013" – i.e., the Amended Judgment – and he claims that he filed his petition attacking the

7

Amended Judgment before the expiration of the one-year statute of limitations. Thus, the question presented for review is: did the entry of the Amended Judgment re-start the statute of limitations for Petitioner's habeas petition? It did not.

The starting point for analyzing the statute of limitations issue presented here is the United States Supreme Court's decision in *Burton v. Stewart*, 549 U.S. 147, 156-57 (2007). In *Burton*, the Supreme Court held that where a state court affirms a conviction on direct review, but remands for resentencing, the judgment of conviction does not become final – and thus the statute of limitations under AEDPA does not begin to run – until the completion of direct review from the new judgment of sentence. *See also Rashad v. Lafler*, 675 F.3d 564, 567-68 (6th Cir. 2012). After *Burton*, at least one circuit court of appeals has held that where a state court imposes a new judgment of sentence following a collateral attack on a criminal conviction, the AEDPA statute of limitations begins to run when the time for seeking direct review from that new judgment of sentence expires. *See Ferreira v. Dep't of Corrections*, 494 F.3d 1286, 1288 (11th Cir. 2007). If Petitioner is entitled to invoke that rule here, his petition is timely because it was filed within one year from the expiration of the time for seeking direct review of the Amended Judgment.

8

But given the nature of the Amended Judgment, its entry did not re-set the AEDPA statute of limitations. The Amended Judgment did not make any substantive change to the original judgment, nor did the trial court reconsider the correctness of the original sentence and independently decide to re-impose that same sentence again. Instead of revisiting and reviewing the substance of the original judgment of sentence, the trial court simply corrected a clerical error in that judgment – and expressly did so pursuant to a court rule for the correction of clerical, rather than substantive, errors. Several other federal courts have recognized that an amendment to a criminal judgment that is merely clerical – like the amendment contained in the Amended Judgment here – does not restart the statute of limitations for the filing of a habeas petition. *See, e.g., Graham v. Smelser*, 422 Fed. App'x 705 (10th Cir 2011); *United States v. Dodson,* 291 F.3d 268, 275 (4th Cir. 2002) (applying rule in context of a motion under 28 U.S.C. § 2255); *United States v. Greer*, 79 Fed. App'x 974 (9th Cir. 2003) (same); *Black v. Tucker*, 2011 WL 4552201 at *4, n. 4 (N.D. Fla. 2011) (collecting cases). The Court finds these authorities persuasive here.

The Court concludes that the state court did not intend to, and did not, conduct any review of the original judgment of sentence for a violation of Petitioner's substantive or procedural rights; that the state court did nothing more

9

than correct a clerical error; and that that clerical error correction did not re-start AEDPA's statute of limitations.[2]

### III.   Conclusion and Certificate of Appealability

Before Petitioner may appeal, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); *see also* Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id*.  Having undertaken the

---

[2] The AEDPA statute of limitations is subject to equitable tolling in appropriate cases. *See Holland v. Florida*,130 S. Ct. 2549, 2560; 177 L.Ed.2d 130 (2010). However, Petitioner's theory that his petition was timely filed is not based upon a claim of equitable tolling.  On the contrary, Petitioner insists that his current petition is timely because it was filed within one-year of the expiration of the period for seeking direct review from the Amended Judgment.  Thus, equitable tolling is simply not at issue in this case.

requisite review, the Court concludes that jurists of reason might find the Court's procedural ruling debatable due to the absence of Sixth Circuit authority drawing a distinction between substantive amendments to a sentence and amendments made to correct a clerical error. The Court will thus grant a certificate of appealability and also will grant Petitioner permission to appeal in forma pauperis.

## IV.   Order

For the foregoing reasons, **IT IS HEREBY ORDERED** that (1) Respondent's Motion for Summary Judgment (ECF #10) is **GRANTED** and (2) Petitioner's petition for a writ of habeas corpus (ECF #1) is **DENIED** and the matter is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability and permission to appeal in forma pauperis are **GRANTED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  December 30, 2014

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 30, 2014, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(313) 234-5113

11